**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rune Kraft, | No. CV-21-00575-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Chevron Corporation, et al., | |
| Defendants. | |

This matter is before the Court on its own review.

**1.    Order to Show Cause (Doc. 60) and Plaintiff's Response (Doc. 61)**

Plaintiff's Complaint states that he is bringing this case on behalf of Realia, Inc., a Delaware corporation, Concreteworks, Inc., a Delaware corporation, Artesia Holdings, Inc., a Delaware corporation, Pacific Equipment Management Company, Inc., a Delaware corporation, Pacific Real Estate Holdings, Inc., a Delaware corporation, North American Service Holdings, Inc., a Delaware corporation, and Kraft Americas Holdings, Inc. (collectively "Corporations"), and claims the Corporations have assigned their claims to him.  (Doc. 1 at 2).

On August 13, 2021, the Court notified Plaintiff that a *pro se* plaintiff may not represent a corporation, and a corporation may not appear *pro se*.  *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself").  (Doc. 60).  The Court thus ordered that a licensed attorney must appear on behalf of the corporate entities, or Plaintiff must show cause as to

why any claims related to unrepresented corporate entities should not be dismissed. (*Id.*) On August 14, 2021, Plaintiff filed his Response to the Order to Show Cause, arguing that as an assignee of the Plaintiff Corporations, he had a right to represent his proprietary interests under 28 U.S.C. § 1654. (Doc. 61). He further claims he has standing to bring his claims because an assignee may assert the injury in fact suffered by an assignor. (*Id.* at 4). Defendants have not replied to Plaintiff's Response. The Court finds that replies would be helpful to the resolution of the issues Plaintiff raises in his Response. It will accordingly allow any Defendant to file a reply to Plaintiff's Response to the Order to Show Cause within seven days of this Order.

**2. Stay Order (Doc. 60) and Plaintiff's Motion for the Article III Court to Review the Order Issued by the Article I Court (Doc. 73)**

The Court temporarily stayed this matter on August 13, 2021, and specifically instructed Plaintiff not to make any filings with this Court while the matter was stayed, unless otherwise ordered to do so. (Doc. 60). Despite this Order, on August 27, 2021, Plaintiff filed a Motion for the Article III Court to Review the Order Issued by the Article I Court. (Doc. 73). This filing was plainly in noncompliance with the Court's Order and will be stricken.

Accordingly,

**IT IS ORDERED** that Defendants shall have **seven** (**7) days** from the date of this Order to file any reply to Plaintiff's Response to the Order to Show Cause.

**IT IS FURTHER ORDERED** the Plaintiff's Motion for the Article III Court to Review the Order Issued by the Article I Court (Doc. 73) is **STRICKEN** and **DENIED**.

Dated this 14th day of October, 2021.

Honorable Diane J. Humetewa
United States District Judge

- 2 -