**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rune Kraft, | No. CV-21-00575-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Chevron Corporation, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Response to this Court's Order to Show Cause (Doc. 61). On August 13, 2021, the Court ordered *pro se* Plaintiff to either find a licensed attorney to appear on behalf of the corporate entities he claimed to represent or show cause why any claims related to unrepresented corporate entities should not be dismissed. (Doc. 60). On August 14, 2021, Plaintiff submitted his Response (Doc. 61), and Defendants filed a Joint Reply (Doc. 93).[1]

**I.   Background**

Plaintiff's Complaint states that he is bringing this case on behalf of Realia, Inc. ("Realia"), a Delaware corporation; Concreteworks, Inc. ("Concreteworks"), a Delaware

---

[1] Plaintiff also filed a Sur-Reply (Doc. 94) to Defendant's Reply. Sur-replies are not allowed under the Local Rules unless otherwise ordered by the Court. The Court temporarily stayed this matter on August 13, 2021, and specifically instructed Plaintiff not to make any filings while the matter was stayed, unless otherwise ordered to do so. (Doc 60). In the Court's previous Order, it instructed Defendants to file a Reply to Plaintiff's Response. (Doc. 89). The Court will strike Plaintiff's Sur-Reply (Doc. 94) because it violates the Court's Order prohibiting filings without prior Court approval. (Doc. 60); *see also Millenium 3 Technologies v. ARINC, Inc.*, 2008 WL 4737887, at *2 (D. Ariz. Oct. 29, 2008) (Sur-Replies and Sur-Responses are not authorized by Rule 7, any other Federal Rule of Civil Procedure, or this District's Local Rules, absent prior leave of court).

corporation; Artesia Holdings, Inc. ("Artesia"), a Delaware corporation, Pacific Equipment Management Company, Inc. ("PEMC"), a Delaware corporation; Pacific Real Estate Holdings, Inc. ("PREH"), a Delaware corporation; North American Service Holdings, Inc. ("NASH"), a Delaware corporation; and Kraft Americas Holdings, Inc. ("KAH") (collectively "Corporations"). (Doc. 1 at ¶ 2). Plaintiff alleges the Corporations have assigned their claims to him. (*Id.*) Although Plaintiff is not a licensed attorney, he asserts claims on the Corporations' behalf against Defendant Chevron Corporation ("Chevron") and over twenty other individuals and corporate defendants.[2] (*Id.* at ¶¶ 2–18).

In his Complaint, Plaintiff alleges Defendants engaged in a cement cartel and anti-competitive behavior in California. (*Id.* at ¶ 32). He also alleges the Tulare County Court in California wrongfully ordered Plaintiff to pay $200,000 and that Chevron and certain other named Defendants allegedly overcharged for diesel fuel in California. (*Id.* at ¶ 31). Finally, he asserts Racketeer Influenced and Corrupt Organizations Act ("RICO") claims against various defendants. (*Id.* at ¶¶ 65-73). Plaintiff brings these claims on behalf of the Corporations, not as an individual or in his individual capacity. (*Id.* at ¶ 2).

/ / /

---

[2] Plaintiff has filed numerous lawsuits, including several in this district and against several of the Defendants in this litigation. *See e.g.*, *Kraft v. Williams et al.*, 2019 WL 6310253, at *1 (D. Ariz. Nov. 25, 2019) (dismissed); *Kraft v. Gainey Ranch Community Association et al.*, 2021 WL 535527, at *1 (D. Ariz. Feb. 12, 2021) (dismissed); *Kraft v. Maricopa County*, et al., 2:20-cv-01491-DLR, Doc. 62 (D. Ariz. May 10, 2021) (dismissed); *Kraft v. Arizona, et al.*, 2021 WL 2646546, at *1 (D. Ariz. June 28, 2021) (dismissed); *Kraft v. CRH PLC et al.*, 2:21-cv-00154-SMB (D. Ariz.); *U.S., et al., ex rel. Kraft v. CalPortland Construction, et al.*, 2:16-cv-04479-JFW-SS, Doc. 99 (C.D. Cal. Mar. 9, 2018) (dismissed); *Kraft v. Hatch, et al.*, 1:19-cv-00646, Doc. 32 (D.N.M. Mar. 25, 2020) (dismissed); *Kraft v. Old Castle Precast Inc et al.*, No. 2:15-cv-00701-VBF-AS, Doc. 46 (C.D. Cal. Apr. 18, 2016) (dismissed); and *Kraft v. Oldcastle Precast, Inc. et al.*, 18-cv-03036-LB, Doc. 9 (N.D. Cal. Aug. 9, 2018) (transferred).

Numerous courts have declared Plaintiff a vexatious litigant. *See e.g.*, *Kraft v. Old Castle Precast, Inc.*, 2016 U.S. Dist. LEXIS 183082 at *47-50 (C.D. Cal. Mar. 24, 2016) (declaring Plaintiff a vexatious litigant); *CalMat Co. v. Oldcastle Precast, Inc.*, 2017 WL 6001757 (D.N.M. Dec. 4, 2017) and *CalMat Co. v. Oldcastle Precast, Inc.*, 2017 WL 6016465 (D.N.M. Dec. 4, 2017), *on reconsideration in part*, 2018 WL 3031907 (D.N.M. June 18, 2018) (ordered Plaintiff to pay monetary sanctions); *Gainey Ranch Community Association, et al. v. Kraft, et al.*, CV 2017-000765, Superior Court of Arizona, Maricopa County, Ruling at 2 (Jan. 17, 2018) (declaring Plaintiff a vexatious litigant).

## II. Analysis

"It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993); *see also*, *e.g.*, *In re Highley*, 459 F.2d 554, 555 (9th Cir. 1972) ("A corporation can appear in a court proceeding only through an attorney at law."); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962). "[T]he purpose of the rule requiring corporations to appear by an attorney is to ensure that the court has greater control over the management and administration of the case." *Mercu-Ray Industries, Inc.*, 392 F. Supp. 16, 18 (S.D.N.Y. 1974). A plaintiff who accepts the advantages of incorporation must "bear the burdens of that incorporation; thus, he must have an attorney present the corporation's legal claims." *Id.* at 20.

Plaintiff alleges the Corporations "have assigned their claims related to this matter to Kraft." (Doc. 1 at 2 ¶ 2). In his Response to the Order to Show Cause, he argues that as an assignee, he is representing his proprietary interests. (Doc. 61 at 2). His right to represent these interests, he contends, rests on 28 U.S.C. § 1654 and various case law precedent. (*Id.*) Plaintiff also argues the sole plaintiff in this action is not a corporation, but an individual—Rune Kraft—and thus these rules should not apply to him. (*Id.*)

Plaintiff is not the first *pro se* plaintiff to have tried such a strategy. District courts, however, have repeatedly rejected such tactics. "[A] pro se litigant who is not an attorney cannot assert claims in federal court that an artificial entity, such as a corporation or a limited liability company, has assigned to her." *Kumaran v. ADM Inv'r Servs.*, 2020 WL 4926263, at *1 (S.D.N.Y. Aug. 20, 2020) (*citing United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008)). *See also Bischoff v. Waldorf*, 660 F. Supp. 2d 815, 816 (E.D. Mich. 2009) ("A corporation's claims, even when purportedly 'assigned' to an individual, must be litigated by a licensed attorney."). The rule aims to "protect[] the court and the public from irresponsible behavior by lay advocates who lack many of the attorney's ethical and legal responsibilities and who often are incapable of presenting legal arguments in an articulate, concise manner." *Bischoff*, 660 F. Supp. 2d at 820 (citation

omitted). Here, Plaintiff has continued to ignore this Court's Order (Doc. 60) directing him not to file any further pleadings until the Order to Show Cause is decided (*see* Docs. 64; 67–69, 73; 82–84; 90–92; 94). He has filed pleadings containing insults and other personal and unprofessional attacks on this Court (Docs. 84 at 7; 90 at 2). He has failed to present a compelling legal argument as to why the policy requiring corporations to be represented by counsel should not apply to him. To the contrary, the Court finds the policies underlying these rules would be thwarted if Plaintiff is permitted to continue representing these corporations *pro se*.

Nor does the Court find the fact that Plaintiff styled the case in his own name persuasive; instead, this appears to be a veiled attempt to subvert the policies underlying these rules. *See e.g.*, *Mercu-Ray Indus., Inc. v. Bristol-Myers Co.*, 392 F. Supp. 16, 18 (S.D.N.Y. 1974) (rejecting plaintiff's attempt to change the title of the action "from *Mercu-Ray Industries, Inc.*, plaintiff, to James Scott Kreager, plaintiff," to obviate the fact that his corporation was not represented by counsel).

Plaintiff lastly argues that 28 U.S.C. § 1654 supports his right to represent his proprietary interests. (Doc. 61 at 2). He cites nine Supreme Court decisions to support his contention. (*Id.*) He argues these cases confirm he "has standing to assert the injuries . . . suffered by these corporate entities based on the doctrine that the assignee of a claim has standing to assert the injury in fact suffered by the assignor." (Doc. 61 at 4). "Parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. Although Section 1654 permits an individual to proceed *pro se* in federal court, the statute does not permit an individual to appear on behalf of a corporation. Likewise, Section 1654 does not permit Plaintiff to circumvent that rule by taking a purported assignment. *See e.g.*, *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993)[3] (affirming district court's denial of shareholder's motion to intervene *pro se* "rather than

---

[3] *Disapproved of by GlobalTranz Enterprises Inc. v. Shippers Choice Glob. LLC*, 2017 WL 2841224 (D. Ariz. June 2, 2017). That case, however, considered defendant's failure to comply with the court's order to retain counsel only insofar as its relevancy to plaintiff's motion for default. Regardless, this court is not bound by another district court opinion.

hire corporate counsel" because it "would eviscerate section 1654").

Moreover, the express language of Section 1654 permits parties to plead their own cases only if allowed "by the rules of such courts . . . ." 28 U.S.C. § 1654. The District of Arizona's instructions to *pro se* litigants require corporations to obtain counsel; Plaintiff has plainly ignored this local rule.[4]  The Supreme Court has addressed this issue and found "the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland*, 506 U.S. at 201–03.

Plaintiff cites numerous cases to support his contention about the right of self-representation. Plaintiff specifically highlights *Faretta v. California*, but that case involved a criminal defendant's right to represent himself under the Sixth Amendment. 422 U.S. 806, 812–13 (1975). The Court finds it inapposite. The remainder of the cases Plaintiff cites are equally inapplicable. Plaintiff has therefore failed to show cause as to why his Complaint should not be dismissed.

**IV.     Conclusion**

The Court will dismiss the Complaint because Plaintiff has failed to obtain counsel as ordered (Doc. 60) and Plaintiff may not circumvent the longstanding rule requiring corporations to appear through counsel by a purported assignment of the corporations' claims.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED.**

**IT IS FURTHER ORDERED** that the remaining Motions to Dismiss, Motion for Judicial Notice, Motion for Specific Relief, and Motions for Adding Parties (Docs. 19, 23, 26, 29, 30, 31, 34, 39, 40, 41, 42, 43, 44) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for the Article III Court to Review the Order Issued by the Article I Court (Doc. 91) is **STRICKEN** and **DENIED**.

---

[4] https://www.azd.uscourts.gov/proceeding-without-attorney (last visited Nov. 18, 2021).

1    **IT IS FINALLY ORDERED** directing the Clerk of Court to terminate this action.

2    Dated this 10th day of December, 2021.

_____
Honorable Diane J. Humetewa
United States District Judge