**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rune Kraft, | No. CV-21-00575-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Chevron Corporation, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Rune Kraft's Motion to Alter or Amend the Judgment based on Rule 59(e) (Doc. 96). Defendants filed a Joint Response (Docs. 97, 98)[1], and Plaintiff filed corresponding Replies (Docs. 99, 100).

## I.      Background[2]

Plaintiff's Complaint states that he is bringing this case on behalf of various corporations ("Corporations"), including Realia, Inc., a Delaware corporation; Concreteworks, Inc., a Delaware corporation; Artesia Holdings, Inc., a Delaware corporation, Pacific Equipment Management Company, Inc., a Delaware corporation; Pacific Real Estate Holdings, Inc., a Delaware corporation; North American Service Holdings, Inc., a Delaware corporation; and Kraft Americas Holdings, Inc. (Doc. 1 at ¶ 2).

---

[1] The Court notes Defendant W. R. Grace & Co. filed its own Response in opposition based on Plaintiff's violations of the chapter 11 bankruptcy case pending in the Delaware Bankruptcy Court, wherein the court issued an order that enjoined Mr. Kraft from filing suit against Defendant. (Doc. 98 at 2). Regardless, the Court will deny Plaintiff's Motion because he failed to show amendment or alternation is appropriate under Rule 59(e).

[2] The Court will adopt portions of the background facts from its previous Order. (Doc. 95).

1  Plaintiff alleges the Corporations have assigned their claims to him.  (*Id.*)  Although

2  Plaintiff is not a licensed attorney, he asserts claims on the Corporations' behalf against

3  Defendant Chevron Corporation and over twenty other individuals and corporate

4  defendants.[3]  (*Id.* at ¶¶ 2–18).

5      On December 10, 2021, the Court dismissed Plaintiff's Complaint because Plaintiff

6  failed to obtain counsel as ordered (Doc. 60) and found Plaintiff may not circumvent the

7  longstanding rule requiring corporations to appear through counsel by a purported

8  assignment of the corporations' claims.  (Doc. 95 at 5).  Thereafter, Plaintiff filed the

9  present Motion.  (Doc. 96).

10 **II.   Discussion**

11     "Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is

12 presented with newly discovered evidence, (2) the district court committed clear error or

13 made an initial decision that was manifestly unjust, or (3) there is an intervening change in

14 controlling law."  *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

15 Federal Rule of Civil Procedure Rule 59(e) presents an "extraordinary remedy, to be used

16 sparingly in the interest of finality and conservation of judicial resources."  *Rodriguez v.*

---

[3] Plaintiff has filed numerous lawsuits, including several in this District and against several of the Defendants in this litigation.  *See e.g.*, *Kraft v. Williams et al.*, 2019 WL 6310253, at *1 (D. Ariz. Nov. 25, 2019) (dismissed); *Kraft v. Gainey Ranch Community Association et al.*, 2021 WL 535527, at *1 (D. Ariz. Feb. 12, 2021) (dismissed); *Kraft v. Maricopa County*, et al., 2:20-cv-01491-DLR, Doc. 62 (D. Ariz. May 10, 2021) (dismissed); *Kraft v. Arizona, et al.*, 2021 WL 2646546, at *1 (D. Ariz. June 28, 2021) (dismissed); *Kraft v. CRH PLC et al.*, 2:21-cv-00154-SMB (D. Ariz.); *U.S., et al., ex rel. Kraft v. CalPortland Construction, et al.*, 2:16-cv-04479-JFW-SS, Doc. 99 (C.D. Cal. Mar. 9, 2018) (dismissed); *Kraft v. Hatch, et al.*, 1:19-cv-00646, Doc. 32 (D.N.M. Mar. 25, 2020) (dismissed); *Kraft v. Old Castle Precast Inc et al.*, No. 2:15-cv-00701-VBF-AS, Doc. 46 (C.D. Cal. Apr. 18, 2016) (dismissed); and *Kraft v. Oldcastle Precast, Inc. et al.*, 18-cv-03036-LB, Doc. 9 (N.D. Cal. Aug. 9, 2018) (transferred).

Numerous courts have declared Plaintiff a vexatious litigant.  *See e.g.*, *Kraft v. Old Castle Precast, Inc.*, 2016 U.S. Dist. LEXIS 183082 at *47-50 (C.D. Cal. Mar. 24, 2016) (declaring Plaintiff a vexatious litigant); *CalMat Co. v. Oldcastle Precast, Inc.*, 2017 WL 6001757 (D.N.M. Dec. 4, 2017); *CalMat Co. v. Oldcastle Precast, Inc.*, 2017 WL 6016465 (D.N.M. Dec. 4, 2017), *on reconsideration in part*, 2018 WL 3031907 (D.N.M. June 18, 2018) (ordered Plaintiff to pay monetary sanctions); *Gainey Ranch Community Association, et al. v. Kraft, et al.*, CV 2017-000765, Superior Court of Arizona, Maricopa County, Ruling at 2 (Jan. 17, 2018) (declaring Plaintiff a vexatious litigant).

1   *Shinn*, 2022 WL 1773830, at *2 (D. Ariz. June 1, 2022) (internal citation omitted).

2       In his Motion, Plaintiff argues the Court's previous Order (Doc. 95) "fails to account

3   for dispositive factual matters and controlling decisions of law."  (Doc. 96 at 3).  Plaintiff

4   raises several arguments under the separation of powers, congressional delegation power,

5   the Tenth Amendment, the Contracts Clause, and *stare decisis*.  (*Id.* at 9–15).  He argues

6   the Court's previous Order was an "unconstitutional exercise of authority by the court and

7   must be invalidated" because it "cuts deeply into the state's sphere of power."  (*Id.*)

8       Plaintiff fails to show amendment or alteration is appropriate.  His motion merely

9   cites to rules, constitutional doctrines, and case law, but none of his arguments address the

10  Court's prior Order, namely that Plaintiff "failed to obtain counsel as ordered (Doc. 60)

11  and Plaintiff may not circumvent the longstanding rule requiring corporations to appear

12  through counsel by a purported assignment of the corporations' claims."  (Doc. 95 at 5).

13  Plaintiff has not presented any newly discovered evidence on this issue; he has not

14  demonstrated that the court committed clear error or made a manifestly unjust decision;

15  and he has not shown an intervening change in controlling law.  Corporations must appear

16  through licensed counsel.  *Rowland v. California Men's Colony, Unit II Men's Advisory*

17  *Council*, 506 U.S. 194, 201–02 (1993).  A purported assignment of claims does not permit

18  Plaintiff to circumvent that rule.

19      Accordingly,

20      **IT IS ORDERED** that Plaintiff's Motion to Alter or Amend the Judgment based

21  on Rule 59(e) (Doc. 96) is **denied**.

22      Dated this 24th day of June, 2022.

23

24

25  _____
    Honorable Diane J. Humetewa
26  United States District Judge

27

28

- 3 -